# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 19-1691V**
UNPUBLISHED

| | |
|---|---|
| EMILY HIRST, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 28, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 30, 2019, Emily Hirst filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received a "Dtap vaccine" in her left deltoid on June 11, 2017, and sustained a shoulder injury related to vaccine administration ("SIRVA") as defined in the Vaccine Injury Table." *See* Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 28, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that he  has "determined that petitioner has satisfied the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

criteria set forth in the Vaccine Injury Table ('Table') and the Qualifications and Aids to Interpretation ('QAI') for SIRVA due to an intramuscular [Tdap][3] vaccination." *Id.* at 6. Respondent further agrees that "[P]etitioner had no relevant history of pain, inflammation, or dysfunction in her left shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms" and she has therefore satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] The Rule 4(c) Report contains a typo identifying the vaccination at issue as the hepatitis B vaccine when it should state the Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine.